The opinion of the court was delivered by
Kirkpatrick C. J.
This is a special verdict in ejectment taken at the Cumberland circuit in June 1816. The' devise *which it presents, and upon which the controversy turns, is in substance, this :
J give all my lands to my nephevo Stephen Sheppard, his heirs and assigns forever ; but in case he should die before he arrives to lawful age, or have lawful issue, then over to his nephew John Sheppard and his two nieces, Hannah Sheppard and Louisa Sheppard, equally to he divided, &c.
The question raised upon this devise for the consideration of the court, respects the estate which Stephen Sheppard took under this will; whether an estate tail with a contingent remainder, or an estate in fee with an executory devise only, to John, Hannah and Louisa. If the former, it is admitted on all hands that the plaintiff is entitled to recover, and if the latter, that judgment must be for the defendant. It will not be material for us therefore, to take notice of the events which passed after the death of the testator. They cannot change the nature of that estate. The question is upon the devise itself; the parties have agreed as to the consequences. The course which T,he argument at the bar has taken in this cause, has induced sundry observations which, otherwise, would have been deemed altogether unnecessary. They touch either self evident propositions, or principles so well *479 settled as long since to liavo ceased to be the subject oí controversy. I will rest upon them however, but for a moment, and then apply them, as well as I can, to the question before us.
Upon the inspection of the whole will, it cannot escape observation that Stephen Sheppard, the devisee, was the object of the testator’s special bounty; ho bore his name; he was to take the estate singly and alone, and in preference to the other nephew and nieces; he was selected as the successor to the inheritance. Such construction therefore, is to prevail as will carry these views of the testator into effect, so far as that can be done consistently with the rules of law.
The devise in the principal clause is to Stephen Sheppard, his heirs and assigns forever. These words, standing singly and alone, carry an estate in fee-simple, the greatest, generally speaking, that can ho in lands; they leave no remainder which can bo limited over after that estate is spent; for it is considered in the law as unlimited, and therefore can have no remainder; as infinito, and therefore can never be spent.
It is admitted however, that these words, though standing *singlv and alone in the principal or devising clause, may nevertheless be limited in their application by other words in subsequent clauses, so as to extend only to special heirs, as heirs of the body, and instead of creating a fee-simple, to create an estate tail only. To refer to authorities to prove this, would be wholly useless, for they are almost innumerable. It is as well settled that a devise to one and his heirs, and if he die without issue, then over to another, creates an estate tail, as if the principal devise had been in the most technical language, to him and the heirs of his body. The words of the devise over, if he die without issue then over to another, limit the generality of the term heirs in tho principal devise, and load us to the inevitable conclusion that the testator intended heirs of the body only, and not heirs generally. And whenever this intention can be collected from tho whole will, taken together, let the phraseology in the particular clauses of it be what it may, it has been always construed to make an estate tail.
*480 The modes of expression to be found in our books "Which have received this construction are very many. They sometimes apply more clearly to the principal devise, and sometimes less so, so that this doctrine of contingent remainders and executory devises, so frequently arising upon them, has become one of the most subtle and intricate doctrines of the law.
To disentangle ourselves from these niceties, and to ascertain with the greater precision the intention of the testator in cases of this kind,, we enquire, first of all, whether the devise over is to take effect upon the indefinite failure of the issue of the first devisee, which by possibility may not be for a hundred or a thousand years, or upon a definite failure of such issue, which must happen, if at all, within a given time, as at or before his death ? If upon the former, it will limit the generality of the term heirs, and be an estate tail, with a remainder over, and if upon the latter, it will not so limit the term heirs, but will be a fee, limited by way of executory devise. There can be no exception to this rule. It arises upon the very nature of the thing itself. The whole force of the argument for this constructive limitation of the term heirs rests upon it. Take this case for instance. The principal deviséis to one and his heirs; the devise over is that if he shall die without issue, it shall go to another, and the conclusion drawn from thence is, that because he has *given over the estate after the failure of such issue, the testator by the term heirs in the principal devise, must have intended heirs of the body and not heirs general, otherwise he could not have given over the estate, for the law does not contemplate a failure of heirs general. It is thé giving over of the estate then upon the failure of the issue that raises the argument; the conclusion is not drawn at all from his speaking about issue, but wholly from his giying the estate over to another on the failure of that issue; for let him haye said what he would about issue in the .devise over, if he had not made the estate over to depend upon the failure of it, it would not have so qualified the word heirs in the preceding devise as to make it an estate tail. In the case of Pells v. Brown, (Cro. Jac. 590) the devise is to Thomas and his heirs, *481 and if he die, without issue, living William, then to William. Now here in the devise over, the testator speaks of the-issue of Thomas, and of his dying without issue, but as the estate is not to go over upon the failne of it, but upon a different contingency, it is held not to be an estate tail, but a fee. Nay—indeed, it is a standing rule, that if an estate in fee be limited over after a death without issue, but upon another contingency, that is, a contingency different from the failure of the issue; it does not make an estate tail, with a remainder, but it remains a foe with an executory devise over. It is the rule upon which Comyns, it) his digest, places the distinction in the collection of his cases. It is a principle so plain that it is almost insusceptible of argument, and certainly so plain that it needs none.
Let us proceed then to enquire, whether in this case, the devise over to John, Hannah and Louisa, is to take effect upon the indefinite failure of the issue of Stephen, or upon some other contingency ; and in doing this let us remember that the words usually employed in those devises over, are not to be understood in their common acceptation, but according to that sense which the law has put upon them in such cases. As if a devise be to a man and his heirs, and if he die without issue, or 'without leaving issue, or without issue surviving him, or words to that effect, then to another; a plain man would say that if such devisee should have issue and should leave such issue surviving him at the time of his death, the estate should not go over, for that the contingency upon which it was limited had not happen*ed, he had not died without leaving issue; and this seems to be the natural import of the language. But still that is not the sense in which it is to be understood in the law when applied to devises of land; there it means an indefinite failure of issue; and therefore, though such devisee should leave issue living at the time of his death, yet such devise over is not defeated, but shall go to the remainder man, or his heirs, when such issue fails, how remote soever that period may be. This will not be controverted.
But wliat particular words or modes of expression, not *482 withstanding, are to be so construed as to limit an estate such indefinite failure of issue, and what not, has at all times been a fruitful source of controversy. The very case before us is one proof of this. Here the words in the devise over, which are supposed to make such a limitation, are these, and if he shall die before he have lawful issue, then over &c. I have not been able to find a case where those words, or words of exactly similar import, standing alone, have been holden to limit the term heirs, in a preceding clause, or to convert that into an estate tail, which otherwise would have been a fee-simple. In a certain connexion, indeed, they are so construed in the case of Newton v. Barnardine, (Moor 127) but that .construction arises from that particular connexion, and not from the import of the words simply considered; there the question was whether they would raise an estate tail by implication, and not whether they woula limit an estate in fee already expressly devised. There is also in the case of Panbury v. Elkin, (2 Ver. 766) something of the same kind laid down, hut it is in so loose and unsatisfactory a manner, that we cannot rely much upon it. Certain it is, that the words themselves are not apt words to create such a limitation. They assume, as the very contingency upon which the estate shall go over, that Stephen shall die before he have lawful.issue, and not that the issue which he may have shall fail. Plow then can they be said to limit the inheritance to an issue, which, upon that very assumption, never can exist. But I do not rest altogether upon this, for the mere form of words is nothing, the intention is all.
But even of those words, if he die before he have lawful issue, were such, when standing alone, as to be universally taken to create such limitation, yet it is not conclusive, for here they are connected with other words which govern their application, and *which, if well considered, ■ will settle, with precision their effect in this devise-Alter giving the estate to his nephew Stephen Sheppard, his heirs and assigns, he says but in case he shall die before he shall arrive at lawful age or have lawful issue, then over, &c. Now according to the terms of this devise over, taken exactly as they stand, and according to their grammatical *483 construction, if Stephen shall marry and have issue, a son, and then die before he arrives at the age of twenty-one years, the devisees over will take the estate, for in that case, though he will not die without lawful issue, yet he will die before he arrives to lawful age. All the cases upon the subject of alternate contingencies, as well as the plain import of the language, shew that this would be so. In disjunct vis suffieit alteram partem esse veram (Co. Lit. 225.) Indeed so obviously is this true, that in the case of Soule v. Cerard, (Cro. Eliz. 525) on a devise similar to this, in order to enable them to make it an estate tail, the court were obliged to say, that that part of the devise over, which respected his attaining the age of twenty-one years, was void. If then this he so, upon the events which I have stated, the estate over would take effect, not upon the failure of the issue of Stephen, but upon a different contingency, and before such failure of issue had happened.
Besides, as the going over of the estate in this way, living the issue of Stephen, would be exceedingly unreasonable in itself, so it would be contrary to the intention of the testator clearly to he collected from the whole will; for it is impossible to conceive that under such circumstances, he would have disinherited the son of Stephen, the nephew whom he liad distinguished by his particular favour. In order to give a more rational construction to devises of this kind, and to come nearer the intention of the testator therein, the courts of justice have thought themselves bound to say, that, in those cases, the disjunctive or, may he construed to mean and, and the conjunctive and, to mean or, as may best subserve the general intent of the devisor, (a) This therefore, has become a settled rule of construction. It was so determined in the case of Soule v. Gerard, above mentioned, more than two hundred years ago. And though that case is not to be depended upon as to the principal matter, the doctrine of executory devises not having *484 been then well settled, yet as to this particular, the principle of it has prevailed ever since, with *but one exception that I can find. That exception is in the case of Woodward v. Glasbrook, (2 Vernon, 388) where lord chief justice Holt expressed a different opinion. But though great consideration is to be given to that opinion, yet it stands alone on that side, and therefore cannot overthrow the rule. In Hilliard v. Jennings (1 Ld. Raym. 505) he inclined to the same opinion, but in that case there was no decision on this point. On the other side we have the cases of Barker v. Suretees, (2 Str. 1175) Frammingham v. Brand, (1 Wil. 140) the same case with lord chancellor Hardwicke’s argument, (3 Atk. 390) and Walsh v. Peterson, (3 Atk. 193) all which go upon the same ground and in support of the rule. And if we should indulge ourselves in looking into the juridical history of Westminster Hall, as well as that of the chambers of justice in our neighbouring states, we should find that to be the prevailing opinion ever since. It must be admitted indeed, that it has been the subject of much litigation, and that in some instances it has drawn forth the powers of some of the ablest men in opposition to it; but still it has prevailed, and therefore seems to be the more firmly settled.
If then,' we apply this rule to the present case, and read the devise over in these words, and if Stephen shall die before he arrives to lawful age, and have lawful issue, it will shew incontrovertibly that this devise over was not intended to take effect upon the indefinite failure of the issue of Stephen, but upon a certain contingency connected with that event which must take place, if at all, at or before his age of twenty-one years.
In whatever light then, this devise may be viewed, whether as standing upon the words, dying before he have lawful issue, dying before he arrives to lawful age, or have lawful issue, or dying before he arrives to lawful age and have lawful issue, the effect of it is the same. It gives to Stephen, the devisee, an estate in fee with a limitation to John, Hannah and Louisa, by way of executory devise, and not an estate in tail with a remainder over.

 Nevison v. Taylor, 3 Hal. 43. Den, Brown vs. Mugway,3 Gr. 330. Den, Abrahams vs. English, 2 Har. 280. Den, Nelson vs. Combs, 3 Har. 38. Den. vs. Allaire, Spen. 19. Holcomb vs. Lake, 4 Zab. 688, affirmed in error, 1 Dutch, 605. Ely vs. Ely, 5 C. E. Gr. 44.